## TRILLA *v.* SMITH ET AL.

### APPEAL from the District Court of Mayagüez.

No. 109.—Decided May 16, 1904.

COMMUNITY PROPERTY.—All property belonging to the conjugal partnership is considered community property so long as the contrary is not shown.

ID.—The presumption which, with respect to community property, the law establishes in favor of property belonging to the conjugal partnership, is a presumption *juristantum,* which may be rebutted by evidence to the contrary, and the burden of such proof is upon the party denying that the property possesses such character.

ID.—CONJUGAL PARTNERSHIP—POWERS OF THE HUSBAND.—The husband is the administrator of the property belonging to the conjugal partnership, and may alienate or incumber the same for a valuable consideration.

INSCRIPTION OF VOID INSTRUMFNTS OR CONTRACTS.—The inscription of instruments or contracts which are null and void according to law does not render the same valid.

ID.—Contracts or instruments entered into or executed by a person who, from the registry, appears to have a right so to do, will not be invalidated with respect to a third party, once the same are recorded, although afterwards they are declared null, or the right of the party executing the same is decided by virtue of causes which do not clearly appear from the registry itself.

COSTS.—Costs should be taxed against the party whose demands have been in all things denied.

## STATEMENT OF THE CASE.

This is an action in intervention of ownership, instituted by María Ramona Beatriz Trilla y Martínez, plaintiff, represented by Attorney Sandalio Torres, against Herbert E. Smith and Reyes Almodóvar Galindo, defendants, the former represented by himself, as attorney at law, while the latter, though cited, failed to appear before this Supreme Court. The case is pending before us on appeal taken by the representative of the plaintiff, María Ramona Beatriz Trilla y Martínez, from the judgment rendered by said District Court of Mayagüez, August 3, 1903, which reads as follows:

"In the city of Mayagüez, August 3, 1903. An oral and public hearing was had of this declaratory action in intervention of ownership, instituted by María Ramona Beatriz Trilla y Martínez, of age, married, and a resident of Maricao, plaintiff, at first represented by Benito Forés y Morazo, and afterward without any legal representation, against Rafael Mangual Delgado, defendant, represented by Attorney José de Diego y Martínez, and as assignee of the former, Herbert E. Smith, of age, married, an attorney at law, represented by himself, and a resident of this city, and Reyes Almodóvar Galindo who is of age, married, a property owner and a resident of Maricao, declared in default.

"The plaintiff bases her action on her ownership of the coffee estate known as 'Progreso,' situated in *barrio* Bucarabones, within the municipal district of Maricao, the description and other circumstances whereof are contained in the accompanying documents, she having acquired the same by purchase from Francisco E. Cobán y Rodríguez by deed executed before Santiago R. Palmer, former notary of this city, January 14, 1892, which deed is recorded in the Registry of Property of San Germán, and that said estate was acquired with money proceeding from her paraphernal property and not with such as had anything to do with the conjugal partnership, although not so stated in the deed of purchase and sale, as would be shown in due time; that her husband, Reyes Almodóvar y Galindo through ignorance, or induced thereto by his creditor, improperly mortgaged said estate in favor of Schulze & Co. to secure the payment of a sum he owed them; that part of the debt having been assigned to Rafael Mangual y Delgado, the latter had instituted summary execution proceedings in this court for the recovery thereof, and a public sale of the mortgaged estate was advertised, the proceeds to be applied to the payment of the debt. She accordingly prayed that in due time judgment be rendered declaring that the estate 'Progreso' lawfully belongs to her and that the summary execution proceedings instituted cannot therefore be prosecuted, costs to be imposed upon the opposing party.

"The complaint having been admitted, and notice thereof served upon the defendants, it was answered only by the execution creditor, Rafael Mangual Delgado, to the following effect: That during the marriage of Reyes Almodóvar Galindo with Trilla Martínez, the complainant in intervention, he acquired as her representative the estate forming the subject-matter of said intervention, by purchase from Francisco E. Cobán, according to deed executed before Notary Santiago R. Palmer, January 14, 1892, the same being duly recorded in the registry of property; that neither in aforesaid deed, nor in the entry thereof, nor in any other record in the registry of property, does the estate in question appear to have been acquired with money belonging exclusively to the complainant. He admitted the facts set up in the third allegation of the complaint, but denied that the mortgage had been executed by Almodóvar y Galindo through ignorance or malicious inducements, and averred that in any event the assignee Mangual had nothing to do with the making of the mortgage contract and could only assert that the estate in question had been purchased for account of property acquired during the marriage,

to which it appertains according to the law. He therefore prayed that the complaint be dismissed and the defendants released therefrom, with costs against the complainant.

"The execution debtor, Almodóvar Galindo, having been declared in default, and the order to that effect personally served upon him, at this stage of the proceedings Attorney Herbert E. Smith appeared as assignee of the execution creditor, Mangual, and demanded that the taking of evidence, which had previously been requested, be proceeded with. A day and hour being set for the purpose, the attorney for the complainant in intervention, Trilla, and the execution debtor, (*sic*) Smith, appeared, both parties proposing as evidence the production of documents, comparison of handwriting, confession in court, examination of books and testimony of witnesses, which being admitted, a day was set for the oral hearing.

"At the oral hearing Attorney Smith, as execution creditor, was the only one to appear, both the complainant in intervention, Trilla, and the execution debtor, Almodóvar, the latter declared in default, failing to do so. The witness for complainant, Federico Philippi, the only one to appear, was called, and in answer to questions propounded by the court said: That the estate involved in the intervention proceedings had been financed by the firm of which he was a member, through the agency of Eugenio Forestier, in whose favor Reyes Almodóvar y Galindo had executed a mortgage to secure payment of the money advanced for working the estate; that said estate is situated in Maricao, and the witness at first believed that it belonged to Almodóvar, but from some deeds he had seen, he ascertained that it was the property of Ramona Beatriz Trilla y Martínez, Almodóvar's wife; and that he did not remember if said deed had been admitted to record. To the questions put by Attorney Smith he said: That he had had no transactions with Reyes Almodóvar Galindo and his wife other than those connected with the mortgage involved in this controversy; that Forestier had made an assignment to the firm and agreed to pay an installment due José Blanch & Co., amounting to one thousand five hundred *pesos;* that he does not know when Almodóvar purchased the estate; that the aforesaid mortgage, assigned by Schulze to Mangual and by the latter to Smith, was given in satisfaction of the one assigned by Forestier and the credit in favor of Blanch, previously referred to, together with the interest thereon at one per cent. per month, said transaction being entered in the books of the firm. The court deferred the examination of the documentary evidence produced by the complainant in intervention. The witness José Blanch, introduced by the defendant Smith, was

called, and, in answer to questions propounded by the latter, stated: That he had been a managing partner of J. Blanch & Co.; that the estate in question had belonged to said firm by purchase from José Antonio Silén, the same being afterward sold to Francisco Cabán (*sic*), and by the latter to Almodóvar, with incumbrances thereon consisting of several instalments due by Cabán (*sic*), for which Almodóvar became responsible, the same being paid by him at different times; that long before purchasing the aforesaid estate, Almodóvar was already married to his present wife, María Ramona Beatriz Trilla. To questions propounded by the court he said: That he did not remember whether he had given acquittances upon receiving payment for aforesaid installments, nor in whose name the entries were made in the books of the firm, but that record thereof must be found therein. The defendant, Smith, waiving examination of the witness Eugenio Forestier, and leaving the documentary evidence to be considered by the court, presented such arguments as were deemed pertinent to his contention, whereupon the case was closed for the rendition of judgment.

"This day, at the appointed time, the present judgment was unanimously voted upon in open court.

"In the conduct of this case the rules of procedure have been observed.

"Judge Enrique González Darder prepared the opinion of the court.

"According to article 1407 of the Civil Code in force at the time the facts referred to in this action in intervention occurred, as also section 1322 of the Civil Code now in force, governing this matter, all the property of the marriage shall be considered as partnership property, until the contrary is proven.

"Inasmuch as Reyes Almodóvar was the lawful husband of María Ramona Beatriz Trilla y Martínez at the time the mortgage was executed on the estate constituting the subject-matter of these intervention proceedings, part of which liability was assigned to Rafael Mangual, and by the latter to Herbert E. Smith, said husband, in his capacity as such, acted within the powers conferred upon him by law, for, as the representative and administrator of said property, he could alienate and incumber the same as he did, for a valuable consideration, in favor of Schulze & Co. (Sec. 1327 of the Civil Code in force and art. 1412 and 1413 of the old Code.)

"Furthermore, although the record of titles or rights in the registry of property does not validate acts which are null and void,

when executed by a person who according to the registry has a right so to do, the same shall not be considered invalid with regard to third persons, after they have once been recorded, although later the right of the person executing them is annulled and determined for reasons which do not clearly appear from the registry. (Art. 34 of the Mortgage Law.)

"Again, the presumption established by law as regards the character of property belonging to the conjugal partnership being a presumption of law (*juristantum*), evidence to the contrary may be produced, which, according to a general principle of law, rests with the complainant, who has failed to produce such evidence, and confined herself only to denying said character of property of the conjugal partnership to that now claimed by her in this action in intervention of ownership.

"Costs shall always be paid by the litigant who loses his case on all points, as happens here with the complainant in intervention of ownership, María Ramona Beatriz Trilla.

"In view of the legal provisions cited and others that are applicable hereto, we adjudge that we should declare and do declare that the present action in intervention of ownership instituted by María Ramona Beatriz Trilla y Martínez, does not lie, and release therefrom the defendants, Herbert E. Smith and Reyes Almodóvar Galindo. The execution proceedings which had been suspended by reason of the action of intervention of ownership are ordered to be continued, with costs against the complainant in intervention.

From this judgment the representative of María Ramona Beatriz Trilla y Martínez took an appeal which, being allowed, the record was sent to this Supreme Court, with citation of the parties, who appeared, excepting Reyes Almodóvar Galindo. The appeal was taken by the representative of the party appellant, and the proceeding conducted in accordance with the laws applicable thereto. The parties were cited for judgment and a day set for the hearing, which was had, the attorneys for the aforesaid parties being present.

*Mr. Torres Monge,* for appellant.

*Mr. Smith,* for respondent.

The other respondent did not appear.

MR. JUSTICE MACLEARY, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted, and in view of the legal provisions cited therein, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant. The record is ordered to be returned to the Mayagüez court, together with the proper certificate.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.